IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WASTE MANAGEMENT, INC. and | § | |
| WASTE MANAGEMENT HAWAII, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-3676 |
| | § | |
| AIG SPECIALTY INSURANCE COMPANY | § | |
| f/k/a CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY and AIG | § | |
| CLAIMS, INC. f/k/a CHARTIS | § | |
| CLAIMS, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF REMAND**

The above referenced insurance cause of action alleges breach of contract against AIG Specialty Insurance Company ("Specialty"), declaratory judgment against Specialty, common law bad faith against Specialty, and penalty and interest against both Defendants for Texas Insurance Code violations,[1] and seeks coverage of claims purportedly excluded under several provisions of a Defendant AIG

---

[1] The alleged violations include Unfair Settlement Practices, Tex. Ins. Code §§ 541.060(a)(1)(taking inconsistent positions and misrepresenting terms of Policy and applicable law when Defendants stated that the defense costs for Waimanalo Gulch Sanitary Landfill ("WGSL") Parallel Proceedings were not covered under the Policy) and (a)(4)(failing to affirm or deny coverage of the WGSL Coverage Claim within a reasonable time), 541.060(a)(2)(A) (failing to settle Plaintiffs' claims of coverage in good faith in a fair manner after the insurer's liability has become reasonably clear under the Policy), 541.060(a)(7)(refusing to pay the WGSL Coverage Claim without conducting a reasonable investigation), 541.002-541.152 (continuing to defend itself in WGSL Parallel Proceedings, 541.060 (treble damages to the extent Defendants knowingly committed the acts complained of); and 541.152 (attorney's fees and defense costs resulting from unfair settlement practices under § 541.152) and reasonable attorney's fees and costs for declaratory judgment under Tex. Civ. Prac. & Rem. Code § 37.009.

Specialty Insurance Company ("Specialty") environmental liability policy.[2] Pending before the Court is Plaintiffs Waste Management, Inc. ("WM") and Waste Management Hawaii, Inc.'s ("WM Hawaii's")(collectively "Plaintiffs'") motion to remand to the 281st Judicial District Court in Harris County, Texas, where it was initially filed under case number 2016-77640, on the grounds that there is not complete diversity between the two sides since both Plaintiffs and insurance adjuster Defendant AIG Claims, Inc. ("Claims") were incorporated in and are citizens of the State of Delaware.[3] In addition Plaintiffs request an award of costs and actual expenses, including attorney fees, under 28 U.S.C. § 1447(c), incurred because the removing party, Specialty, lacked an objectively reasonable basis for seeking the removal.

Defendant Specialty's opposition to the motion to remand argues that Claims was improperly joined and therefore its citizenship was correctly disregarded for diversity purposes.

### Applicable Law

The right to remove depends upon the plaintiffs' pleading at

---

[2] The excluded claims arise out of claims made against WM Hawaii for an alleged pollution discharge from the Waimanalo Gulch Sanitary Landfill on Oahu, Hawaii ("WGSL Claims") under a Pollution Legal Liability Select Policy (the "Policy"), policy number PLS 544079, for a period January 1, 2011--January 1 2014, issued by Specialty to named insured WM (and WMH as a wholly owned subsidiary of WM) up to a limit of $50,000,000, subject to a $5,000,000 Self-Insured Retention. The WGSL is an Insured Property under the Policy. Claims is an agent for Specialty and Specialty's adjuster for the WGSL Claims.

[3] Specialty is an Illinois corporation with its principal place of business in New York, New York.

the time of the petition for removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

Under 28 U.S.C. § 1441(a)[4] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court.  *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The removing party, here Specialty, bears the burden of showing that subject matter jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts are construed against removal because the removal statute is strictly construed in favor of remand.  *Id.*

Under 28 U.S.C. § 1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in

_____

[4] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

controversy is greater than $75,000, exclusive of interests and costs. The citizenship of a corporation is determined under 28 U.S.C. § 1332(c) by the state under whose laws the entity was organized or where it has its principal place of business. When jurisdiction is based on diversity, citizenship must be distinctly and affirmatively alleged. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988), *citing McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

The doctrine of improper joinder, or fraudulent joinder,[5] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003). "The joinder of a local claims adjuster in a state court action against a non-citizen insurance company is an attempt to avoid federal court jurisdiction that apparently has become a popular tactic." *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. July 11,

---

[5] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

2016).

"A claim of fraudulent joinder must be pleaded with particularity and supported by clear and convincing evidence." *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. The latter is alleged here. Defendants claiming improper joinder based on this second prong bear a heavy burden of showing there is no possibility of recovery by the plaintiff against the in-state defendant in state court, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia*

*Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).  First the court should look at the pleadings to determine whether the allegations state a claim under state law, but under federal

pleading standards of Rules of Civil Procedure 8[6] and 9,[7] against

---

[6] **Rule 8(a)**

Federal Rule of Civil Procedure 8(a) provides,

(a) **Claim for Relief**. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The purpose is "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must accept as true all facts the plaintiff alleges in support of its claims and must construe those allegations in the light most favorable to the plaintiffs. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The factual allegations must "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.. "[D]etailed factual allegations" are not necessary, but the pleading must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level," the complaint is sufficient and "will survive a motion to dismiss." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012), *quoting Twombly*, 550 U.S. at 570. Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish facial plausibility. *Iqbal*, 556 U.S. 678.

There is a split of authority on whether Federal Rule of Civil Procedure 8(a) or 9(b) applies to claims for violations of Texas Insurance Code Chapter 541, which proscribes unfair and deceptive practices. For example of a court applying Rule 8(a) to claims based on §§ 541.060(a)(2)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code, see *Jimenez v. Allstate Texas Lloyd's*, Civ. A. N. 4:10-CV-4385, 2012 WL 360096, at *3-4 (S.D. Tex. Feb. 2, 2012)(requiring only the statement of a plausible claim under Rule 8).

---

[7] "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading," and "requires "only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). Of the claims asserted here, as an example of a court holding that Rule 9(b) applies to Section 541.061(a)

because "these allegations involve misrepresentations and are substantively claims of fraud" and the "gravamen of the claim is fraud." *Khan v. Allstate Fire & Cas. Ins. Co.*, Civ. A. No. H-11-2693, 2012 WL 1601302, at *4, 7 (S.D. Tex. May 7, 2012). *See also SHS Inv. v. Nationwide Mutual Ins. Co.*. 798 F. Supp. 2d 811, 815 (S.D. Tex. 2011)(Rule 9(b) applies to Texas Insurance Code claims "where the gravamen of the claim is fraud even though the theory supporting the claim is not technically fraud."); *Burton v. Companion Property & Casualty Ins. Co.*, Civ. A. No. W-14-CV-054. 2014 WL 12490005. at *4 (W.D. Tex. July 29, 2014)("Claims alleging a violation of . . . the Texas Insurance Code . . . are subject to the requirements of Rule 9(b)."), *citing Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)(applying the heightened pleading requirements to statutory claims based on allegations of fraud since "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud on not.").

Rule 9(b) provides,

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally.

"In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). In a securities fraud suit, the plaintiff must plead with particularity the circumstances constituting the alleged fraud: Rule 9(b) requires the plaintiff to "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Securities Corp. v. INspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004), *quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997). "'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006), *quoting United States ex. rel. Riley v. St. Luke's Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004). The Ninth Circuit views Rule 9(b) as imposing two discrete requirements for alleging fraud: (1) the plaintiff must identify the time, place and nature of misleading statements, representations or specific acts, or the "who, what, when, where and how of the alleged misconduct," and (2) the complaint must explain why the statement or omission at issue was false and misleading. *Residescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1095 (S.D. Cal. 2006), *citing Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Vess v. Ciba-Geigy Corp. v. USA*. 317 F.3d 1097, 1106 (9th Cir. 2003); and *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

Unlike the alleged fraud, Rule 9(b) allows a plaintiff to plead intent to deceive or defraud

the in-state defendant. *Smallwood*, 385 F.3d at 573; *Int'l Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016). If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16. Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiffs' recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.*

---

generally. Nevertheless a mere conclusory statement that the defendant had the required intent is insufficient; the plaintiff must set forth specific facts that raise an inference of fraudulent intent, for example, facts that show the defendant's motive. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)("Although scienter may be averred generally, case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud."); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).

"[Wh]en agency is an element of a fraud claim, agency must be pleaded with particularity required under Rule 9(b)." *Whitney National Bank v. Medical Plaza Surgical Center, L.L.P.*, No. H-06-1492, 2007 WL 400094, *3 (S.D. Tex. 2007), *citing Kolbeck v. LIT America, Inc.*, 923 F. Supp. 557, 570 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *American Credit Union v. HCG Financial Servs., Inc.*, No. 89 C 9583, 1990 WL 77992, *4 (N.D. Ill. June 1, 1990); *Chou v. University of Chicago*, 254 F.3d 1347, 1362 (Fed. Cir. 2001); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001); and *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999).

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). If it appears that given an opportunity to amend the pleading, the plaintiff would be able to state a claim upon which relief could be granted, the court should grant leave to amend. *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 708872, *4 (N.D. Tex. Mar. 7, 2007), *citing Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp.2d 601, 608-09 (N.D. Tex. 2006).

at 916, *quoting Smallwood*, 385 F.3d at 573-74.[8]  A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Furthermore, where the reasons for finding that there is no reasonable basis for recovery against the in-state defendant would also dispose of all claims against the diverse defendants, the entire case should be remanded because "there is no improper joinder; there is only a lawsuit lacking merit." *Id.* at 574.

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281.  The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'  The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir.

---

[8] When a court's determination that there is no reasonable basis for predicting that state law would permit the plaintiff to recover against the in-state defendant "also compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.  In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper." *Smallwood*, 385 F.3d at 574, *quoted by McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  Where  the inquiry shows the same result for resident and nonresident defendants, it becomes an issue on the merits, which is beyond the bounds of the jurisdictional inquiry of an improper joinder review, and remand is necessary. *McDonal*, 408 F.3d at 183-84.

1995).

Moreover, "the existence of even a single valid cause of action against the in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Grey v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004)(and cases cited therein).

"This Court has required a plaintiff to satisfy Rules 8, 9, and 12(b)(6) and *Twombly* to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. No. H-11-2376, 2012 WL 1038678, at *7 (S.D. Tex. March 27, 2012), citing a number of cases: *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan 20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, at *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, at *3 (March 16, 2001). *In accords, e.g., South Austin Pharmacy, LLC v. Pharmacists Mutual Ins. Co.*, No. A-15-CV-0271LY-ML, 2015 WL 2445969, at *3 (W.D. Tex. May 19, 2015).

When it remands a case, the district court has the discretion to award the "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). That discretion has limits: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Marin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to grant such an award, the court "'do[es] not consider the motive of the removing defendant," but "considers the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Diaz v. Cameron County, Texas*, 300 Fed. Appx. 280, 281 (5th Cir. Nov, 19, 2008), *quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the United States Supreme Court held that courts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal. *In accord, Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)), *cert. denied*, 562 U.S. 1044 (2010),; *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)(*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)), *cert. denied*, 562 U.S. 1044 (2010). If an objectively reasonable basis for removal exists, attorney's fees should be denied. *Howard v. St. Germain*, 599 F.3d at 457 (citing *Hornbuckle*, 385 F.3d at 541.

**Plaintiffs WM and WM Hawaii's Motion to Remand (#6)**

Plaintiffs point out that the Court may only ignore the citizenship of non-diverse Defendant Claims if there is actual fraud in pleading jurisdictional facts or if Plaintiffs cannot establish a cause of action under state law against this Defendant. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). "'The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Id.*, *quoting McDonal v. Abbott Labs.,* 408 F.3d 177, 183 (2005). Whether "'there is arguably a reasonable basis for predicting that state law might impose liability . . . means that there must be a *reasonable* possibility for predicting that state law might impose liability, not merely a *theoretical* one.'" *Id.*, *quoting Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

Here Defendants do not argue that there was actual fraud in pleading jurisdictional facts, so Defendants must show that Plaintiffs cannot establish a state law cause of action against Claims, the non-diverse adjuster Defendant. Plaintiffs argue that Specialty errs in contending that (1) violations of the Texas Insurance Code are not actionable against adjusters and (2) Plaintiffs fail to allege enough facts to satisfy Rule 9(b)'s heightened pleading standards. Specialty maintains that neither argument is supported by Texas case law nor by the facts here.

Specialty bears a heavy burden to show fraudulent joinder, i.e., "that there is no possibility of recovery by the plaintiff against the [non-diverse] defendant." *Smallwood*, 385 F.3d at 574, 573. If there is even one valid claim against the nondiverse defendants, the court must remand the whole case to state court. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Claims based on violations of the Texas Insurance Code Section 541.060 are actionable against an adjuster. *Hayden v. Allstate Texas Lloyds*, Civ. A. No. H-10-646, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011)(and cases cited therein)("It is clear that Texas law recognizes causes of action against an insurance adjuster for violations of the Texas Insurance Code, common law fraud, and conspiracy to commit fraud."). Chapter 541 Subchapter A of the Texas Insurance Code prohibits a "person" from engaging in deceptive practices in the business of insurance. *See* Tex. Ins. Code § 541.003. Texas Insurance Code § 541.002(2) defines "person" to include "adjuster." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-84 (5th Cir. 2007)("Texas law clearly authorizes [Texas Insurance Code] Article 21.21[9] actions against insurance adjusters in their individual capacities")(*citing Liberty Mutual Insurance Co.*

---

[9] Article 21.21 is the predecessor statute to current Section 541.060 of the Texas Insurance Code. *Richard Geovera Specialty Ins. Co.*, 2016 WL 6525438 at *3 n.15 (citing Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), sec. 561.060 2003 Tex. Gen. Laws 3611, 3662, 4138 (effective April 1, 2005))(S.D. Tex. Nov. 3, 2016).

*v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 487 (Tex. 1998)("To come within the statute, an employee must engage in the business of insurance," e.g., have responsibilities including soliciting and obtaining insurance policy sales, explaining policy terms to prospective buyers, explaining premium calculations to consumers, having a measure of expertise in the field necessary for the job)(holding that "section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance.") . *See also, e.g., Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002)("[A]n insurance adjuster . . . engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims. . . . [T]he Court is sufficiently satisfied that an insurance adjuster is a person engaged in the business of insurance for purposes of Article 21.21."); *Roach v. Allstate Vehicle and Property Insurance Co.*, Civ. A. No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016)("Texas law recognizes suits against insurance adjusters in their individual capacities under the Tex. Ins. Code. [§ 541.002(2)] and the Texas Supreme Court has specifically held that '[t]he business of insurance includes the investigation and adjustment of claims and losses [*citing Vail v. Texas Farm Bureau Mutual Insurance Company*, 754 S.W. 2d 129, 132 (Tex. 1998)]. "The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business

of insurance, is subject to the Tex. Ins. Code, and may be found liable under it." *Roach*, 2016 WL 795967 at \*4, *citing Gasch*, 491 F.3d at 282.

Courts have held adjusters liable for violating the specific provisions of the Texas Insurance Code Section 541 that Plaintiffs have charged Defendants with here:

1. Section 541.060(a)(1)(prohibits an insurance adjuster from "misrepresenting a material fact or policy provision relation to coverage at issue": *Campos v. American Bankers Ins. Co. of Florida*, Civ. A. No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010);

2. Section 541.060(a)(2)("failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear": *Richard v. Geovera Specialty Ins. Co.*, Case No. 4:16-CV-2496, 2016 WL 6525438, at \*5-6 (S.D. Tex. Nov. 3, 2016)("Plaintiffs have pleaded sufficient facts in support of possible claim against adjuster").

3. Section 541.060(a)(4)("failing within a reasonable time to . . . affirm or deny coverage of a claim to a policy holder"): *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 788 (S.D. Tex. 2011) (finding allegations that adjuster failed to affirm or deny

coverage within one year sufficient to state a claim
under Texas Insurance Code § 541.060(a)(4); and

4.  Section 541.060(a)(7)(refusing to pay a claim without
conducting a reasonable investigation with respect to the
claim"):  *Ross v. Nationwide Property & Casualty Ins.
Co.*, No. H-3495, 2013 WL 1290225, at *4 (S.D. Tex. March
26, 2013)("Under § 541.060(a)(7) an adjuster may not
'refus[e] to pay a claim without conducting a reasonable
investigation with respect to the claim" and must bolster
this cause of action with facts "to create a 'reasonable
basis' to predict recovery.").

Plaintiffs have alleged these same violations of the Texas Insurance
Code against Claims, so Plaintiffs urge that this case should be
remanded.

Furthermore to meet Rule 8(a) requirements for a violation of
§ 541.060(a)(7), Plaintiffs claim they need only allege facts
showing that Claims conducted a "substandard inspection" because it
did not spend adequate time examining Plaintiffs' property and
failed to identify damage to it.  *Richard*, 2016 WL 6525438, at *4.
*See also Rodriguez v. Standard Guaranty Ins. Co.*, Civ. A. No. H-10-
3065, 2010 WL 4877774, at *3-6 (S.D. Tex. Nov. 23, 2010)(adjuster
devoted only ten minutes).  Plaintiffs insist that they have stated
sufficient facts to establish an independent, distinguishable claim
against Claims for violation of Section 541.060(a)(7); (1) Claims

was assigned to "adjust, handle, investigate, process, evaluate, and approve or deny the Waimanalo Gulch Sanitary Landfill ("WGSL") Claim (Petition ¶ 68); to aid the investigation, Plaintiffs provided Claims "with all the investigation that was requested" on June 4, 2012 (*Id.* at ¶ 69); Plaintiffs submitted to Claims "updates and further information in support of its WGSL Coverage Claim." *Id.* at ¶ 72; Plaintiffs gave Claims "all the invoices associated with the WGSL Parallel Proceedings." *Id.* at 72; five days later Claims denied coverage for defense costs "without looking at the invoices" and "without a reasonable basis." *Id.* at ¶ 73; and "Defendants refused to pay the WGSL Coverage Claim unless a reasonable investigation was done. *Id.* at ¶ 109. Plaintiffs argue that Claims, the sole entity responsible for evaluating and processing the defense costs, did not even examine the invoices, let alone investigate whether they are covered costs. This cursory investigation claim clearly violates § 541.060(a)(7), satisfies Rule 8's pleading standards, and by itself provides a basis for remanding the case to state court. Plaintiffs assert that Claims' utter failure to examine the invoices is even more concerning because Claims agreed to join in the defense and remediation associated with a Claim for Clean-up Costs resulting from the WGSL Pollution Condition under Coverage D of the Policy (#1-5, Petition at ¶ 70).

Claims did not perform claims handling that an insurer and its employees might handle in a different case. The Petition alleges

that Plaintiffs gave only to another separate, legally independent entity, incorporated in a different state from the insurer, i.e., Claims, complete authority to adjust, handle, investigate, process, evaluate, and approve or deny the WGSL Coverage Claim, unlike the cases cited in the Notice for Removal, ¶ 14. Because Claims, alone, bore the responsibility of evaluating and processing the invoices, but failed to even look at them, Claims, by itself, committed unfair or deceptive practices. Thus Plaintiffs are entitled to a distinct remedy and did allege an independent claim against Claims for its particular misconduct in violation of the Texas Insurance Code.

In a separate and independent claim against it, Claims is also the only defendant charged with failing to affirm or deny coverage of a claim to a policy holder within a reasonable time under section 541.060(a)(4). *See Centaurus Unity*, 766 F. Supp. 2d at 785, 788; *Rankin Road, Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 636 (S.D. Tex. 2010). The parties agree that Claims waited more than a year to affirm or deny coverage after receiving all the information it had requested. During that year Plaintiffs had to defend themselves and bear the costs. Plaintiffs' allegations satisfy Rule 8(a) pleading standards for this claim, so removal was not appropriate.

Courts have also found that plaintiffs have adequately stated a claim under § 541.060(a)(2) where they have alleged that an adjuster suborned independent judgment to reach the insurer's

desired result and ignored communications with the insureds. *Linron Properties, Ltd. v. Wausau Underwriters Insurance Company,* Civil Action No. 3:15-CV-00293-B, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015)("Linron asserts that Springman violated various provisions of . . . § 541.060(a)(2)(A), by retaining an engineer and a contractor who were known for arriving at findings that favored insurance companies, refusing to identify damage to the structure that was covered under the Policy, and failing to respond to Linron's inquiries regarding the status of the claim and payment. . . . [T]he Court finds [these allegations] sufficient to support a claim against Springman in her individual capacity for violating § 541.060(a)(2)(A)."). Thus there is a reasonable basis to predict Plaintiff's recovery against Claims. Courts have also found that an inadequate investigation can result in an unfair settlement of an insurance claim in violation of § 541.060(a)(2). *See, e.g., The Denley Group, LLC v. Safeco Insurance Company of Indiana*, Civ. A. No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015)(Section 541.060.(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."). "As persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement of claims, because it is

-20-

upon their investigation that the insurance company's settlement of a claim is generally based. . . . Therefore, a delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim." *Id*. at *4.

Plaintiffs also note that one court has concluded that a private cause of action exists under § 541.060(a)(2)'s predecessor statute Article 21.21 "when an insurer breaches its duty to defend its insured." *Travelers Indemnity Company of Connecticut v. Presbyterian Healthcare Resources*, 313 F. Supp. 2d 648, 652 (N.D. Tex. 2004).

Plaintiffs insist that they have adequately pleaded that Claims had the authority to settle a claim, but failed to do so. Petition, #1-5, ¶¶ 68, 70-73, 108. As in *Linron*, Claims suborned independent judgment to reach the insurer's desired result by ignoring the invoices that violated § 541.060(a)(2). Claims also conducted an inadequate investigation that led to a failure to settle the WGSL Coverage Claim in violation of § 541.060(a)(2). *See Richard*, 2016 WL 6525438, at *4; *Rankin Road*, 744 F. Supp. 2d at 636; *Presbyterian Healthcare*, 313 F. Supp. 2d 652 (obligation to participate in remediation and defense of WGSL Coverage Claim, but failure to look at invoices or pay any costs constitutes a failure to settle the claim when liability is clear, in violation of § 541.060(a)(2)).

In sum, Plaintiffs have an independent and distinguishable

claim against Claims because Claims, unlike Specialty, had the authority to adjust, handle, investigate, process, evaluate, and approve or deny the WGSL Coverage claim, conducted the insufficient investigation, suborned independent judgment, disregarded claim updates, and paid no attention to defense costs. Claims alone decided there was an obligation to participate in the remediation process and defense of the WGSL Coverage Claim, and therefore admitted liability for that claim. Despite that fact, Claims did nothing to process or settle the claim, violating § 541.060(a)(2)(A). The Court should remand this case because Plaintiffs have alleged facts to state a claim plausible on its face for violating of Section 541.060(a)(2).

### Specialty's Opposition to Motion to Remand (#7)

Specialty insists that Claims is not a proper party and should be disregarded for diversity purposes because Plaintiffs have failed to state a valid claim against Claims for several reasons: (1) Plaintiffs fail to satisfy the heightened pleading requirements of Rule 9(b) which properly apply to unfair and deceptive insurance practices claims under Texas Insurance Code Chapter 541; (2) Plaintiffs allege statutory claims against Claims that cannot be distinguished from the same statutory claims they allege against Specialty and are therefore not actionable against the adjuster; and (3) Plaintiffs only allege contractual damages against Claims, which Specialty alone would be obligated to pay.

Contrary to Plaintiffs' claim, Specialty agrees with Plaintiffs that adjusters can be held liable under Chapter 541 of the Insurance Code, but only in certain circumstances, and those circumstances do not exist here. *Gasch*, 491 F.3d at 282-83 (Tex. Ins. Code § 541.002(2)("person" includes adjusters). The decisions that Specialty relies on finding certain Insurance Code claims against adjusters are non-actionable because those types of claims when brought against the adjuster cannot be distinguished from the same types of claims asserted against the carrier and were based on conduct that cannot be distinguished from the carrier's conduct. The courts cannot impose liability on adjusters where logically only insurers could have had the authority to commit the alleged violations. For example, § 541.060(a)(2)(a)(prohibiting "failing to attempt in good faith to effectuate a prompt, fair and equitable settlement" of claims where the insurer's liability is reasonably clear) requires insurers to try to reach a reasonable settlement of a claim when liability is reasonably clear. *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)("'An adjuster 'cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer].'", *citing One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014), and *Messersmith v. Nationwide Mutual Fire Ins.*

*Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)(same).[10]  *In accord Lopez v. United Property & Casualty Insurance Co.*, 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016).

In another example, Plaintiffs cannot recover against Claims under § 541.060(a)(4), which requires insurers to affirm or deny coverage or reserve rights, within a reasonable time.  Specialty contends that only the insurer that issued the policy can affirm or deny coverage, and an adjuster does not have an independent obligation to provide a reasonable explanation of the insurers's coverage position.  *Lopez*, 2016 WL 3671115, at *4.

Nor can Plaintiffs recover against Claims under § 541.060(a)(7), which prohibits the insurer from refusing payment without a reasonable investigation.  The insurer, not the adjuster "refuses" to pay a claim.

---

[10] *But see Roach*, 2015 WL 795967 at *5 (rejecting this line of cases because "[t]he Texas legislature's decision to use the word "effectuate" ["meaning 'to cause to come into being' or 'to bring about'] instead of the word 'finalize' indicates that § 541.060(a)(2)'s 'prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim.'"), *quoting Denley Group*, 2015 WL 5836226, at *4.  Furthermore "the adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt. fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.'").  *Roach*, 2016 SL 795967, at *5, *citing Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0740-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013)("Adjusters play a role in the investigation, estimation, and settlement of insurance claims."); and *Vargas*. 216 F. Supp. 2d at 648 (noting that the adjuster "engages in the business of insurance by investigation, processing, evaluation, approving, and denying claims"); and *Denley Group*, 2015 WL 5836226, at *4 ("[A] delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim.").  *See also Olivo v. Certain Underwriters at Lloyd's London*, 2016 WL 7742786, at *2 (S.D. Tex. July 8, 2016)("This Court is persuaded by the *Roach* court)(collecting cases in agreement).

In addition, Specialty argues that Plaintiffs have alleged violations of Insurance Code Chapter 541 (§§ 541.606(a)(1)(misrepresenting a material fact or the policy), 541.606(a)(4)(failing within a reasonable time to affirm or deny coverage or reserve rights), 541.060(a))(2)(a)(failing to settle when liability is reasonably clear), and 541.060(a)(7)(refusing payment without reasonable investigation) against both Specialty and Claims that are indistinguishable from each other's. All of Plaintiffs' claims arise from the alleged failure to perform Specialty's duties. "[W]hen an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Bus. Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012); *Dalton v. State Far, Lloyd's, Inc.*, Civ. A. No. H-12-3004, 2013 WL 3157532, at *2 (S.D. Tex. June 19, 2013); *Young v. Travelers Personal Security Ins. Co.*, Civ. A. No. 4:16-CV-235, 2016 WL 4208566, at *4 (S.D. Tex. Aug. 10, 2016); *Spring Street Apts. Waco, LLC v. Philadelphia Indemnity Ins. Co.*, Case No. W-16-CA-00315-JCM, 2017 WL 1289036 (W.D. Tex. Apr. 6, 2017).

Specialty also argues that Plaintiffs have failed to satisfy the heightened pleading standards of Rule 9(b) to these claims of unfair or deceptive practices. *Frith v. Guardian Life Ins. Co. of*

*Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)(claims alleging unfair and deceptive practices in violation of Texas Insurance Code Chapter 541 are subject to the requirements of Rule 9(b)); *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 815 (S.D. Tex. 2011) Plaintiffs failed to state alleged fraudulent statements, the speaker's identity, when and where the statements were madeand why they were fraudulent. Instead of providing the who, what, when, where, and how, Plaintiffs merely describe their own conduct or recite statutory provisions as facts. Thus they fail to state an Insurance Code Chapter 541 claim under federal standards.

Specialty also contends that Plaintiffs' Chapter 541 claims against Defendant Claims are not actionable under any standard because they cannot be distinguished from the same claims against Specialty since they all arise from the alleged failure to perform Specialty's duties. This Court has repeatedly opined that "when an adjuster's actions can be accomplished by the insurer through an agent and when claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster." *See, e.g., Keen*, 875 F. Supp. 2d at 686; *Dalton*, 2013 WL 3157532, at *7; *Van Tassel v. State Farm Lloyds*, No. 4:12-CV-3711, 2013 WL 5152324, at *2 (S.D. Tex. Sept. 11, 2013). All the following acts can be accomplished by an insurer through an agent: Specialty "charged Claims to adjust, handle,

investigate, process, evaluate, and approve or deny the WGSL Claim against [Plaintiffs]" (Petition at ¶ 68); "[o]n July 4, 2012 WM gave Claims all the information that was requested" (Petition at ¶69); WM "continued to provide the Defendants with updates and further information in support of [the WGSL Claims], but [Specialty] never participated in the defense of the WGSL Parallel Proceedings" (Petition at ¶ 73); and "Defendants refused to pay the [WGSL Claims] without conducting a reasonable investigation" (Petition, ¶ 109). The alleged adjusting, investigating, evaluating approving or denying claims is what insurers do. Therefore everything Claims allegedly did could have been done by Specialty through an agent and the claims are indistinguishable. Note that ¶¶ 71-73 AND 106-113 of the Petition do not relate only to Claims. Thus Plaintiffs do not have a viable claim against Claims and Claims is improperly joined.

Finally, because Plaintiffs' claims are for denial of Policy benefits, since Claims did not issue the Policy and is not a party to it, Plaintiffs can only assert extracontractual claims against Claims. To recover on extracontractual claims, Plaintiffs must plead and prove damages that are independent of contract damages, i.e., independent of damages from failure to pay policy benefits. "There can be no recovery for mishandling claims unless the complained of acts or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."

*Parkans Int'l, LLC v. Zurich Ins.* 299 F.3d 514, 519 (5th Cir. 2002).

Subsequently the Fifth Circuit reaffirmed this rule in *Great Am. Co.*

*v. AFS/IBEX Fin. Servs.*, 612 F.3d 800 (5th Cir. 2010):

> In its briefing, [the insured] argues that it did not
> need to prove a separate injury in order to maintain its
> extracontractual claims. It argues that [the insurer's]
> denial of insurance proceeds, standing alone, entitled it
> to recover on its extracontractual claims. This
> assertion does not comport with this court's case law.

This Court observes that recently the Texas Supreme Court

addressed this issue in *USAA Texas Lloyds Company v. Menchaca*, No.

14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017). The Texas Supreme

Court opines that the "general rule" is that insured cannot recover

policy benefits as actual damages caused by an insurer's statutory

violation if the insured does not have a right to those benefits

under the policy because the Insurance Code only allows an insured

to recover actual damages "caused by" the insurer's statutory

violation.

### Plaintiffs' Reply (#10)

WM and WMH insist that Specialty has not met its heavy burden

of showing that all four Texas Insurance Code violations alleged

against Claims fail a Rule 12(b)(6) review. Courts only deny remand

when defendants present "some evidence strongly showing that

recovery against an in-state adjuster would be unlikely." *Harris*

*v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 WL 1790744,

at *5 (S.D. Tex. Apr. 30, 2010), *citing Jimenez*. 2010 WL 1257802,

at *4 (denying remand where instate adjuster named as the defendant was not the adjuster who analyzed and denied the claim), and *Frisby v. Lumbermens Mutual Casualty Co.*, Civ. A. No. H-07-015, 2007 WL 2300331, at * 5 (S.D. Tex. Feb. 20, 2007)(denying remand where defendant presented deposition testimony by the plaintiff that the instate defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion."). WM alleges numerous specific, actionable facts alleged solely against Defendant Claims, Petition at ¶¶ 68,69,70,71,[11] combined with specified violations of the Texas Insurance Code, Petition at ¶¶ 104-113, provide a reasonable basis to predict that WM might be able to recover against Claims and satisfy Rule 12(b)(6). *Stevenson v. Allstate Texas Lloyd's*, Civ. A. No. 11-cv-3308, 2012 WL 360089, at *4 (S.D. Tex. Feb. 1, 2012)("[C]ourts in the Southern District of Texas have found that combinations of specific factual allegations against an individual insurance adjuster and conclusory legal allegations against all defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code), *citing Edwea, Inc. v. Allstate Insurance*, Civ. A. No. H-10-2970, 2010 WL 5099607, at 8 (S.D. Tex. Dec. 8, 2010)).

---

[11] Examples include that Claims as charged to "adjust, handle, investigate, process, evaluate, and approve or deny" WM's claim, requested and received claim information, delayed a year to issue a coverage opinion, and agreed to participate in the defense and remediation but did nothing to settle the claim or defend WM.

While Specialty argues that Claims cannot be independently liable because those very tasks are what insurers do, those tasks would be done through a agent of Specialty. But Plaintiffs note that the Texas Supreme Court and the Fifth Circuit have held that an adjuster, engaged in the business of insurance, can be individually liable for performing those tasks in violation of the Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contr.*, 966 S.W. 2d 482, 47-87 (Tex. 1998); *Gasch v. Hartford Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Hayden*, 2011 WL 240388, at *7. Moreover, under the second pronfin the *Keen* test, 875 F.2d at 686, to deny remand the allegations against an adjuster must be identical to those against the insurer, but here they are not--WM has alleged different, specific, actionable facts against Claims that satisfy Rule 12(b)(6). Finally, for those claims under the Insurance Code that do not involve fraud, the more lenient pleading standard of Rule 8 applies. *Khan*, 2012 WL 1601302, at *4. Conceding that there is a split of authority over which pleading standard applies, Plaintiffs argue that "*Frith* applied the standards under Rule 9(b) only to the violations of the Texas Insurance Code where 'the gravamen of the claim is fraud.'" Id. at *7 (giving examples of decisions finding Insurance Code claims that Plaintiffs assert were not based on fraud and to which Rule 8 applied), *citing Frith*, 9 F. Supp. 2d at 742.

Finally Plaintiffs are not required to plead extracontractual

harm--"conflat[ing] an evidentiary requirement with a pleading standard." *Palma v. Allstate Texas Lloyd's*, Civ. A. No. 7:13-CV-575, 2014 WL 66867, at (S.D. Tex. Jan. 8, 2014)("The Fifth Circuit has indicated that allegations that the adjuster himself directly violated the insurance code and caused damages satisfy Texas pleading requirements at this early stage of the proceedings. While Plaintiff must demonstrate damages independent of the denials of insurance coverage to recover from the Adjusters, Plaintiffs do not need to plead such damages as to state a cause of action against him. Here Plaintiff specifically alleged the Adjusters violated the insurance code, and that these violations resulted in Plaintiffs' damages. This allegation suffices to state a claim under state law against the Adjusters."). *See also Vail*, 754 S.W. 2d at 136.

## Court's Decision

As noted the Texas Supreme Court and the Fifth Circuit have held that an insurance adjuster, engaged in the business of insurance, can be individually liable for actions that violate the Texas Insurance Code. Claims based on violations of the Texas Insurance Code Section 541.060 are actionable against an adjuster. *Hayden v. Allstate Texas Lloyds*, Civ. A. No. H-10-646, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011)(and cases cited therein)("It is clear that Texas law recognizes causes of action against an insurance adjuster for violations of the Texas Insurance Code, common law fraud . . . ."). Chapter 541 Subchapter A of the Texas

Insurance Code prohibits a "person" from engaging in deceptive practices in the business of insurance. *See* Tex. Ins. Code § 541.003. Texas Insurance Code § 541.002(2) defines "person" to include an "adjuster." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-84 (5th Cir. 2007)("Texas law clearly authorizes [Texas Insurance Code] Article 21.21[12] actions against insurance adjusters in their individual capacities")(*citing Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 487 (Tex. 1998)("To come within the statute, an employee must engage in the business of insurance," e.g., have responsibilities including soliciting and obtaining insurance policy sales, explaining policy terms to prospective buyers, explaining premium calculations to consumers, having a measure of expertise in the field necessary for the job)(holding that "section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance.") .

"While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, 'for an adjuster to be held individually liable, they [*sic*] have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of

---

[12] Article 21.21 is the predecessor statute to current Section 541.060 of the Texas Insurance Code. *Richard Geovera Specialty Ins. Co.*, 2016 WL 6525438 at *3 n.15 (citing Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), sec. 561.060 2003 Tex. Gen. Laws 3611, 3662, 4138 (effective April 1, 2005))(S.D. Tex. Nov. 3, 2016).

coverage.'" *Lopez*, 197 F. Supp. 3d at 949-50, *citing Messersmith*, 10 FF. Supp. 3d at 724. The majority of courts addressing § 541.060(a)(2)(A)("a failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear") have held that this provision applies only to insurers, and not to adjusters. *Id.* at 950, *citing Merritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016)("Massey and Cagle are both adjusters, and [a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"). The Court finds that Defendants have established that Plaintiffs have no reasonable possibility of recovering against Defendant Claims.

Accordingly the Court

ORDERS that Plaintiffs' motion to remand this action to the 281st Judicial District Court in Harris County, Texas, where it was initially filed under case number 2016-77640, is DENIED Furthermore, the Court

ORDERS that their request for costs and fees under 28 U.S.C. § 1447(c) is DENIED.

**SIGNED** at Houston, Texas, this 9th day of August, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE